## KELLERMAN v. BULLOCK.

(Circuit Court of Appeals, Ninth Circuit.    January 7, 1924.)

No. 4011.

Appeal and error ⬦⬦⬦999(3)—Finding of jury held conclusive.

The verdict of a jury, which in effect found that an attempted rescission of a contract by one of the parties for alleged fraud was without right, and was ineffective, *held* conclusive on such issues.

In Error to the District Court of the United States for the Southern Division of the Southern District of California; Oscar A. Trippet, Judge.

Action at law by John G. Bullock against D. Kellerman. Judgment for plaintiff, and defendant brings error. Affirmed.

I. Henry Harris and Evans & Pearce, both of Los Angeles, Cal., for plaintiff in error.

S. F. Macfarlane and C. S. Tappaan, both of Los Angeles, Cal., for defendant in error.

Before ROSS, HUNT, and RUDKIN, Circuit Judges.

ROSS, Circuit Judge. July 28, 1920, the defendant in error, Bullock, had growing and maturing on his ranch at Ettiwanda, Cal., a crop of certain designated grapes, which, at the time stated, he agreed to sell to the plaintiff in error, Kellerman, for the sum of $35,000, $10,-000 of which was paid by the buyer to the seller on the signing of the contract, which was in writing, $12,500 to be paid September 1, 1920, and $12,500 on or before September 15, 1920—all of such payments to be made at Los Angeles. The contract further declared that the buyer assumed "all risk of injury to or loss of crop or portion of crop by the elements, and will pick, haul, and handle the above-mentioned crop at his own expense," and that the seller assumed "no responsibility or expense in any manner whatsoever in connection with the carrying out" of the contract—time being expressly declared to be of its essence.

The complaint, which set forth the contract in full, alleged that after Kellerman had harvested and shipped 11 carloads of the grapes, and had harvested and had in boxes and other containers in the vineyards a large quantity of them, attempted a rescission of the contract and refused and continued to refuse to carry out its terms and conditions, the plaintiff having completely complied therewith; that on or about the 10th of the same month of September, the plaintiff notified the defendant that he refused to consent to the attempted rescission of the contract, and that a portion of the crop designated therein still remained on the ranch, which the plaintiff would proceed to harvest and market for the account and at the expense of the defendant, and would sell the same at the best price obtainable, the proceeds of which he would apply on account of the money agreed to be paid to him by the

⬦⬦⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant and still remaining unpaid; that pursuant to such notice the plaintiff thereafter caused the remainder of the crop to be harvested and sold at the best price obtainable, receiving therefor, after deducting expenses of harvesting and marketing the same, the sum of $9,333.27, which sum the plaintiff credited on the amount due him under the terms of the contract, leaving still due the plaintiff thereunder $15,666.73. In the second and third counts, the plaintiff also sued, respectively, for the recovery of $365 for certain car strips, lumber, and grape labels, and for $50.75 for the hire and use of certain teams.

Among his defenses, the defendant set up certain alleged false representations on the part of the plaintiff regarding the value of the grapes and the production of the ranch during preceding years, and also the consent of the plaintiff to the rescission of the contract sued on.

On the trial, which was with a jury, it was stipulated by the respective parties, among other things, in effect that, should the jury find in favor of the plaintiff, the latter would be entitled, under the first count, to $15,512.73, under count 2 to $365, and under count 3 to $50.75, amounting in the aggregate to $15,928.48. It was further stipulated that the 12 carloads of grapes shipped by the defendant to the action netted the sum of $12,370.23, and that, in the event the jury should find for the defendant, their verdict should be in the sum of $7,765.01. The verdict was for the plaintiff for $15,512.73, with interest thereon from September 15, 1920.

We see no merit in the contention of the plaintiff in error that the case is controlled or in any way affected by the provisions of sections 3001, 3002, 3003, 3005, and 3049 of the Civil Code of California relating to the sale of pledged personal property. There was no pledge of the grapes covered by the contract in question, and therefore the provisions of the California statute referred to have nothing to do with the case.

Equally without merit is the contention:

"That the weight of the evidence was in favor of the plaintiff in error's contention that he had been induced to buy the crop of grapes from the Bullock ranch through fraudulent representations made on the part of the defendant in error and his agent."

It was manifestly for the jury to determine on which side was the weight of the evidence on the issue of fraud.

It is also contended on the part of the plaintiff in error that the stipulation entered into by the parties, that has been set out, "constituted in law a mutual rescission" of the contract. The plaintiff in error's case rests, as stated in his brief, upon two propositions: (1) That the complaint fails to state facts sufficient to constitute a cause of action; (2) that the contract upon which the action is based was rescinded.

The sufficiency of the complaint is beyond question. Was there a rescission? The attempted rescission was based upon the ground, as stated in the notice of rescission served upon defendant in error, that Kellerman was induced to enter into the contract "through fraud and gross misrepresentation as to the character, amount, and extent of said growing crops on said Bullock ranch," and in that notice Bullock was informed that Kellerman would "do no further act or thing under the

terms or conditions of said contract," and thereby turned over to the seller all of the crop not then packed for shipment, demanding the repayment of the $10,000 paid upon the execution of the contract, and further notifying the seller that he (Kellerman) had stopped payment on the check for $12,500 delivered by him to the seller on or about September 1, 1920.

The verdict was, in effect, a finding against the defendant to the action respecting his attempted rescission of the contract, and he having expressly refused to do anything further under it, and having expressly "turned over to the seller all of the crop not then packed for shipment," it is obvious that Bullock, as agent of Kellerman, had the right to pack and ship the remaining grapes, giving the latter due credit for their net proceeds. This is so plain that we do not think it necessary to cite any authorities. That the defendant in error packed and shipped the grapes remaining after the plaintiff in error abandoned the contract, and duly credited the plaintiff in error with their net proceeds, is clearly shown by the evidence and the stipulation of the parties.

The judgment is affirmed.